DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant, Melissa R., and awarded permanent custody of her daughters, Morgan G. and Malinda R., to appellee, Fulton County Department of Jobs and Family Services. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant mother sets forth two assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court violated appellant Melissa [R.'s] constitutional right to due process by denying the motion for continuance requested by appellant Melissa [R.].
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court abused its discretion in awarding permanent custody of appellant's children to Fulton County Job and Family Services where the requirements of ORC 2151.414 were not proven by clear and convincing evidence."
 {¶ 7} On June 13, 2006, appellee filed a complaint in dependency and neglect concerning Morgan G. and Malinda R. after appellant was arrested and incarcerated on felony drug charges. A shelter care hearing was held and temporary emergency custody of the children was awarded to appellee. On September 13, 2006, the trial court adjudicated both children dependent and neglected. Upon the consent of all parties present, the matter proceeded directly to disposition. The trial court awarded temporary custody of Morgan and Malinda to appellee. Case plans for the parents were approved and made orders of the court. The reunification plan called for appellant to participate in substance abuse counseling, obtain stable housing and maintain employment.[1]
 {¶ 8} In November 2006, appellant pled guilty to one count of trafficking in drugs, a third-degree felony. In December 2006, she was sentenced to a term of *Page 3 
community control with a three-year prison sentence suspended. As part of her community control, appellant was to successfully complete a term of inpatient substance abuse treatment and, upon successful discharge, follow any recommended aftercare. Appellant was also to obtain her G.E.D., not possess or consume alcohol and seek and maintain employment. In August 2007, appellant received a "less than successful" discharge from the substance abuse treatment program. She entered an admission to the community control violation and her community control was continued.
 {¶ 9} Appellant maintained sobriety for approximately seven months but failed to successfully complete substance abuse counseling, find employment or secure stable housing. She did, however, attend visitation with her children. On March 17, 2008, appellant was again arrested for violating her community control after testing positive for methamphetamines. On April 15, 2008, appellant entered an admission to being in violation of her community control and the three-year suspended prison sentence from 2006 was imposed.
 {¶ 10} On April 22, 2008, appellee filed a motion for permanent custody based on appellant's failure to complete her case plan, her present incarceration, and the children having been in foster care for nearly two years. The matter was scheduled for hearing on the motion on July 7, 2008. On June 9, 2008, appellant filed a motion to continue the hearing so that she could be present, stating that she anticipated being released from prison in September. On June 17, 2008, appellant filed a notice asserting "a significant possibility" that she would be released from prison on or about September 15, 2008. *Page 4 
Attached to the notice was a copy of an email sent to appellant's attorney from the prison indicating that appellant had been approved for a drug treatment program which would enable her to be released either by September 15 or December 1, 2008. Appellant's motion for continuance was denied on June 23, 2008, without hearing.
 {¶ 11} The matter proceeded to the permanent custody hearing as scheduled. Although appellant was not present, she was represented by counsel. After hearing testimony from six witnesses and holding an in camera interview with Morgan, then 13 years old, the trial court granted appellee's motion for permanent custody. Appellant filed a timely appeal from that judgment.
 {¶ 12} In support of her first assignment of error, appellant asserts that her request for a continuance was legitimate and documented, and she insists that there would have been little or no prejudice to anyone had the continuance been granted. She further argues that the trial court's "arbitrary" denial of her motion "circumvented any chance of [her] children being returned to [her]."
 {¶ 13} Pursuant to R.C. 2151.41.4(A)(2), a trial court must hold a hearing on a motion for permanent custody within 120 days, although a continuance for an additional 80 days is permitted upon a showing of good cause. In this case, the 120-day limit required a hearing by August 20, 2008. An additional 80 days would have allowed the hearing to be held as late as November 8, 2008.
 {¶ 14} The power of a trial court in a juvenile proceeding to grant or deny a continuance under Juv. R. 23 is broad and is reviewed under an abuse of discretion *Page 5 
standard. In re Jordan B., 6th Dist. No. L-06-1161, 2007-Ohio-2537, ¶ 16. An abuse of discretion connotes more than an error of judgment or law; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Juv. R. 23 states that "continuances shall be granted only when imperative to secure fair treatment for the parties."
 {¶ 15} Upon review of the record, we find that the trial court's denial of appellant's motion to continue the trial pending herpossible early release from prison was not unreasonable, arbitrary or unconscionable. Appellant has failed to show any prejudice on her behalf caused by the trial court's denial of her request for a continuance. There was no indication in the record that appellant would actually receive early release, only that it was a possibility upon completion of the drug treatment program. At the permanent custody hearing, appellant was represented by counsel who cross-examined the agency's witnesses. Counsel presented witnesses on appellant's behalf and a letter appellant wrote to the court regarding her case was admitted into evidence. Based on the foregoing, we find that the trial court's denial of appellant's motion to continue the permanent custody trial was not an abuse of discretion and appellant's first assignment of error is not well-taken.
 {¶ 16} In her second assignment of error, appellant asserts that the trial court's award of permanent custody to appellee was not supported by clear and convincing evidence. Appellant challenges the trial court's findings, pursuant to several factors set *Page 6 
forth in R.C. 2151.414(E), that the children could not or should not be placed with appellant within a reasonable time.
 {¶ 17} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs 1-5 of subsection D. Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children's services agency. In re William S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} The record reflects that at the permanent custody hearing the trial court heard testimony from two of the family's caseworkers from the Fulton County Department of Jobs and Family Services, appellant's probation officer, the children's caseworker and appellant's two sisters. Caseworker Tracy Potter testified that her initial contact with appellant and the children was in June 2006. At that time, Morgan was *Page 7 
11 years old and Malinda was 9 months old. The children were living with appellant and appellant's boyfriend, who was a registered sexual predator. Appellant admitted knowing that her boyfriend was a sex offender and stated her intention to continue living with him because she believed she could protect her daughters from him. The children were temporarily removed from the home and the agency developed a safety plan with appellant. At that time, appellant admitted having been incarcerated from 2001 until 2004, for manufacturing and distributing methamphetamines. In June 2006, the agency acquired temporary custody of the children, who have remained in foster care continuously since that time.
 {¶ 19} After adjudication, Potter was replaced by ongoing caseworker Kelly Borton, who worked with the family from June 2006 until June 2008. Borton testified that Morgan and Malinda have remained with the same foster family since June 2006. She stated that the girls bonded immediately with the foster family and have adjusted well to the home. She also stated that there is a very strong bond between Morgan and Malinda and that the foster parents wish to adopt both girls. Borton further testified that mother's case plan called for her to obtain housing, provide clean drug screens, find employment, have a psychological assessment, attend supervised visitation and cooperate with the caseworker. When Borton first was assigned to this case, appellant was incarcerated. Appellant eventually was released and entered an inpatient drug rehabilitation facility where she stayed until August 2007. After that, appellant lived in several locations until she was again incarcerated. In Borton's opinion, appellant never *Page 8 
obtained stable housing or steady employment. Appellant was erratic in her compliance with drug and alcohol treatment while in the treatment facility.
 {¶ 20} After another brief term in jail, appellant was fairly successful as far as remaining drug-free for approximately six months until testing positive for methamphetamines. Appellant did complete psychological testing as required by her case plan. She eventually was permitted unsupervised visitations, until Borton learned that there was little food in the home and that Malinda was not being supervised. Additionally, appellant repeatedly allowed a boyfriend who had not passed the agency's background check to transport the children and to attend unsupervised visits. At the time of the final hearing, appellant was incarcerated. Borton testified that Morgan had told her several times that she did not want to live with her mother.
 {¶ 21} Appellant's probation officer testified that he began working with her in December 2006, when she received the suspended sentence for trafficking in drugs and was placed on community control. After appellant's first violation, she was continued on community control. In March 2008, her probation officer again moved to revoke probation because she tested positive for methamphetamines, changed her residence without first securing approval, and was unemployed.
 {¶ 22} The agency offered into evidence a letter appellant wrote to the trial court approximately ten weeks before the final hearing. In her letter, appellant admitted to her addiction and stated that she was currently unable to provide a secure home for her *Page 9 
children. She asked that her daughters be kept together and that she be permitted to have contact with them. Appellant's letter was admitted into evidence.
 {¶ 23} Appellant's sister, Melony G., agreed that appellant was not in a position to take care of her children at that time. She stated that she has seen her sister struggle with drugs and alcohol since appellant was a teenager. It was her belief that the foster parents would take good care of Malinda and Morgan.
 {¶ 24} At the conclusion of the hearing, the court interviewed 13-year-old Morgan in chambers. The court noted in its judgment entry that Morgan has adapted to her present environment, enjoys her school and related activities, and earns average grades.
 {¶ 25} This court has thoroughly reviewed the record of proceedings in this case, from appellant's initial involvement with the agency in 2006, through the hearing on the motion for permanent custody and the trial court's decision. The trial court's decision in this case addresses all of the relevant statutory factors in detail. The trial court found that the Fulton County Department of Jobs and Family Services made reasonable efforts to prevent the continued removal of Malinda and Morgan from the home by providing appellant with case plan management. The trial court further found that appellant had failed to comply with her case plan after being provided with intensive inpatient substance abuse treatment from January until August 2007, and that her relapse led to incarceration at the time of the final hearing. The trial court also noted that the children had been in temporary custody since their initial removal in June 2006, a period of 24 consecutive months, and that they are in need of a legally secure permanent placement. *Page 10 
The court concluded that an award of permanent custody to appellee would be in the children's best interest.
 {¶ 26} Based on our review of the record as summarized above, we find that the trial court's decision was supported by clear and convincing evidence that an award of permanent custody to the Fulton County Department of Jobs and Family Services was in Morgan's and Malinda's best interest. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 27} On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Fulton County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] Morgan's and Malinda's fathers did not appear at any of the proceedings in the trial court, despite being served with notice. Neither father has appealed the trial court's judgment. *Page 1